ALMON, Justice.
This ease concerns an option to purchase land. The trial court granted summary judgment for the Marstons.
The Hipps owned land in Mobile County. In September 1976 they entered into what is termed a “purchase agreement” wherein *40 the Hipps, as sellers, agreed to convey 13 acres to the Marstons. By the express terms of the purchase agreement the buyers were given an option to purchase additional land upon certain conditions. The language of the disputed option is as follows:
“As further consideration, the seller agrees to give buyers, their successors or assigns an option to purchase all the additional property owned by seller in Section 1 Township 5 South, Range 4 West excluding the existing office structure and land area presently surrounded by a board fence. Said area under fence to contain 1 acre of land, more or less. The purchase price of subject property included in this option is $2,500 per acre. Said option to run with the land or until such time as buyer releases seller from this obligation. Option to be exercised at the election of the seller by giving written notice to buyer that seller is ready to close. Buyer agrees to close sale within 60 days after seller notifies buyer in writing that he is ready to close. If seller fails to close as outlined above this option is cancelled and there shall be no further obligation on either buyer or seller.” (Emphasis added.)
Some three years later, the sellers, when attempting to secure a loan, using the remaining land as collateral, discovered that the land was encumbered with the option. The sellers brought this action to have the option declared invalid, contending that Code 1975, § 35-4-76, limits its duration to a two-year period.
Section 35-4-76(a) states:
“(a) No option to purchase any interest in land, .other than an option limited in favor of a lessee and exercisable at a time not later than the end of the term of a lease or any extension or renewal thereof, or an option to repurchase reserved by the grantor in a deed, shall be valid or enforceable for a period of more than 20 years. If any such option may, by the terms of the instrument creating it, continue to exist for longer than 20 years, it shall terminate and cease to be enforceable 20 years after the time of its creation. Where the instrument creating any such option shall place no limit upon the duration of the option or otherwise state the terms controlling the duration of the option, the option shall cease to be enforceable two years after the time of its creation. This section shall not apply to options created prior to January 31, 1972.” (Emphasis added.)
The facts are not in dispute and only a question of law is presented. The issue is whether the option contains sufficient limitations on its duration or otherwise states terms that control its duration so as to prevent the option from becoming void after the passage of two years.
As previously indicated, the trial court, by entering summary judgment for the buyers, concluded that the option remains valid and enforceable.
To say the least, the option is ambiguous, especially in view of the last sentence. It seems to give the sellers a way to defeat the option by failing to close the transaction after the sellers have given notice to the buyers that the sellers are ready to close. This is indeed a strange provision. While the record does not reflect who drafted the option language, it is fairly safe to conclude that the drafter was not an attorney. It appears that in some instances the word “seller” was inadvertently interchanged with the word “buyer.” But be that as it may, we are not called upon to decide all these matters, but merely to decide whether the duration of the option as is limited by its terms, so as to avoid the two-year limitation of § 35-4-76(a).
The buyers contend that the provision which allows the sellers to give notice to the buyers and thereby give the buyers 60 days to close the transaction, sufficiently controls the duration and thus renders the option valid. We disagree.
This reasoning would lead to the conclusion that the option does not come into being until notice is given by the sellers. We do not think this to be the case because the option, such as it is, came into being upon the signing of the purchase agree *41 ment. The sellers could merely determine, by giving notice to the buyers, when the time to exercise the option would begin to run. If the sellers did not elect to start the running of the time to exercise the option, then the option might well last indefinitely. In other words, the time for closing the sale after notice is certain, but the duration of the option is uncertain.
The purchase agreement was executed in September 1976, and § 35-4-76 would make the option enforceable through September 1978. This lawsuit was filed in July 1980, and, as a matter of law, the option was not enforceable at the time of the suit. Therefore, it was error to grant summary judgment in favor of the buyers. The sellers were entitled to summary judgment. We therefore enter judgment for the Hipps.
REVERSED AND RENDERED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.